COPY

Filed 3/20/14  P. v. McCaleb CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Petitioner and Respondent,<br><br>v.<br><br>JAMES EDWARD McCALEB,<br><br>    Respondent and Appellant. | A138845<br><br>(Contra Costa County<br>Super. Ct. No. 20386) |

In this case, appellant contests the order of the Contra Costa Superior Court recommitting him under Penal Code section 1026.5.  This appeal is authorized under Penal Code section 1237, subdivision (b).  Counsel has been appointed for appellant and she has reviewed the record before submitting her brief.  She indicates she has found "no arguable issues to be pursued on appeal."  (See *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544.)  She has provided this court with a narrative of the facts germane to the legal issues in the case.  Finally, she has provided the conservatee with a copy of this brief and he has been informed of the right to file a supplemental brief.  He has not done so.  We have reviewed the case and find no basis for disturbing the order of the trial court.

**STATEMENT OF THE CASE**

On December 14, 2012, the District Attorney of Contra Costa County filed a petition to recommit appellant under Penal Code section 1026.5.  Appellant's commitment was scheduled to expire on December 22, 2012.  Each side waived a jury

1

trial on the matter. The case of the district attorney consisted of the testimony of two forensic experts. Appellant presented no evidence and did not testify himself. On May 9, 2013 the court sustained the petition and re-committed appellant for another two years, through December 22, 2014. On May 28, 2013, appellant filed his notice of appeal.

## STATEMENT OF FACTS

In February 1977, appellant robbed the concession stand of a drive-in theater and shot out the windows with a BB or pellet gun. It appears the appellant was under the influence of alcohol at the time of the act, as well as possible illegal drugs. He also indicated he was hearing voices and acting under a delusion related to the KKK. Later on, appellant could not provide a coherent statement regarding his behavior; only to acknowledge ingestion of alcohol and drugs at the time of the offense. He was charged with a violation of Penal Code section 211 (robbery) and section 245, subdivision (a) (assault with a deadly weapon). Appellant was found not guilty by reason of insanity for each offense.

Appellant was committed to the Department of Mental Health after being found not guilty by reason of insanity in May 1977. He was discharged to CONREP (Conditional Release Program) in 1987 and in 1993 but quickly failed the CONREP program each time.

At the trial, Dr. William Cirimele, staff psychologist at Napa State Hospital, testified he was appellant's treating psychologist from March 1, 2012 to February 28, 2013. However, Dr. Cirimele had limited contact with appellant because the patient refused to attend group therapy. The doctor conceded appellant attended interdisciplinary team meetings. Appellant is currently a resident of the most restrictive unit at the hospital, which is a closed and locked section. Only if the patient becomes involved in his appropriate treatment plan can he work his way out of the unit.

Cirimele diagnosed the appellant as having paranoid schizophrenia; it is in a moderate-to-severe state complicated by symptoms of disorganized thoughts and

2

paranoia. He does not believe appellant's condition is in remission. Dr. Cirimele expressed concern that appellant was isolating himself, which naturally was hindering his ability to work on treatment. The professional believed appellant still needed a structured environment and that he would be dangerous to the public if released. Appellant is compliant with his medications, possessing sufficient personal insight to understand he does need medication. He is cooperative with the staff and polite.

Dr. Kamaljeet Boora is a psychiatrist treating appellant. He sees him at monthly meetings of the interdisciplinary team. Appellant had been a patient of Dr. Boora for 18 months at the time of the hearing. Dr. Boora also diagnosed appellant as suffering from paranoid schizophrenia, polysubstance abuse and an anti-social personality disorder. He believes the appellant is still paranoid because of his desire to be isolated, failure to participate in group sessions, and reluctance to eat with other patients in the dining hall. Presently, appellant is on two anti-psychotic medications and a mood stabilizer, suggesting the severity of his condition. Dr. Boora believes appellant is in "partial remission" because his symptoms are under control but he is not fully recovered. If released, Dr. Boora believes appellant would cease taking his medications and relapse.

Appellant's counsel argued the only program his client refused to engage in was group therapy. He willingly met with his doctors and took his medicines. Any contention made about what would happen on release was speculative.

### DISCUSSION

We have reviewed the record in this matter. We have decided to conduct an independent review of the case as suggested by the dissent in *Conservatorship of Ben C.* (40 Cal.4th 529, 556 (dis. opn. of George, C.J.).) In doing this, we find no basis to upset the ruling below. The appellant was represented by competent counsel and the evidence from the two medical experts satisfies the burden of the prosecution in this matter.

3

COPY

We affirm.

_____
Dondero, Acting P.J.

We concur:

_____
Banke, J.

_____
Becton, J.*

---

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.